UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-427-BR

| | |
|---|---|
| IN RE: ) | |
| SHOTWELL LANDFILL, INC., et al., ) | |
| ) | |
| Debtors. ) | |
| | |
| LSCG FUND 18, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SHOTWELL LANDFILL, INC., et al., ) | |
| ) | |
| Appellees. ) | |

This matter is before the court on appellee/debtors' motion to dismiss LSCG Fund 18, LLC's ("LSCG") appeal from U.S. Bankruptcy Judge Stephani W. Humrickhouse's 13 June 2014 Order. (DE # 1.) LSCG filed a response in opposition to the motion. (DE # 2.)

In the order from which LSCG appeals, Judge Humrickhouse denied the motion of David A. Cook and LSCG to appoint a Chapter 11 trustee under 11 U.S.C. § 1104(a). (DE # 1-1.) Appellees contend that this order is interlocutory in nature and therefore not appealable now. (Mot., DE # 1, ¶ 3.) Under 28 U.S.C. § 158, this court has jurisdiction to hear appeals from final orders of the bankruptcy court as well as appeals from interlocutory orders where the appellant's motion for leave to appeal has been granted. In considering whether it had jurisdiction over the district court's order denying a motion for the appointment of a trustee pursuant to § 1104(a), the Fourth Circuit explained:

> For purposes of this appeal, we will deem the order immediately reviewable as a final decision under 28 U.S.C. § 1291. While the court's order is perhaps not "final" in the technical sense, considerations unique to bankruptcy appeals require that courts

> consider "finality in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985). Such considerations include the protracted nature of bankruptcy proceedings and the large number of parties interested in the proceedings. "To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *Id.; see also In re Paolino*, 60 B.R. 828 (Bankr.E.D.Pa.1986) (district court, using the analysis in *Amatex*, treated as a final order for purposes of appeal pursuant to 28 U.S.C. § 158, the bankruptcy court's order appointing a trustee). Accordingly, we will address the appeal on the merits.

Comm. of Dalkon Shield Claimants v. A.H. Robins Co., 828 F.2d 239, 241 (4th Cir. 1987). Cf. Modanlo v. Ahan (In re Modanlo), 342 B.R. 238, 241 n.8 (D. Md. 2006) (relying on Dalkon Shield and Harford v. Potomac Valley Farm Credit, ACA (In re Harford), No. 89-1844, 1990 WL 116729, at *1 (4th Cir. July 27, 1990) (unpublished), to conclude that the district court has jurisdiction to hear appeal from order appointing a trustee). Accord Ritchie Special Credit Invs., Ltd. v. U.S. Tr., 620 F.3d 847, 852 (8th Cir. 2010) (collecting cases).

Based on the foregoing, the court concludes that the bankruptcy court's 13 June 2014 order is final for purposes of § 158, and therefore, the court has jurisdiction over the appeal. Appellees' motion to dismiss is DENIED.

This 22 August 2014.

W. Earl Britt
Senior U.S. District Judge